Jeffrey R. Hall (9572)
Michael R. Brooks (7287)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
Email: jhall@hutchlegal.com

*Attorneys for Mountain West Reit, LLC*

## UNITED STATES BANKRUTPCY COURT

## FOR THE DISTRICT OF NEVADA

| In re: | Case No. 24-51277-hlb |
|---|---|
| MANZANITA LANE, LLC | Chapter: 11 |
| Debtors. | |

### OPPOSITION TO OMNIBUS MOTION

Mountain West Reit, LLC, ("Mountain West") by its counsel of record, Hutchison & Steffen, hereby opposes Debtor's Omnibus Motion to Assume Contracts and Motion to Sell Properties Free and Clear of Liens. The Opposition will be based upon the Points and Authorities and Declaration filed concurrently herewith.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Objecting creditor, Mountain West, contends that the Debtor has failed to meet its evidentiary burden of showing that the sale is the proper exercise of business judgment. The Motion fails to provide even the most basic items found in a traditional real estate sales agreement such as an estimated closing statement. The Debtor's Motion amounts to a request to simply trust the principles of the Debtor that drove the company into bankruptcy. The Motion must be denied until the Debtor provides a property valuation, and a full breakdown of anticipated contributions and distributions from escrow. Moreover, the Debtor owes a duty to this Court and all Creditors to demonstrate why the payment to Inez Cobb, as the wife of a guarantor of the loan is not an insider transfer. Accordingly, Mountain West requests that the Motion to Assume Executory Contracts and the Motion to Sell be denied pending receipt of further evidence.

## II. FACTUAL SUMMARY

Mountain West is a subsidiary that is managed by Taylor Derrick Capital, LLC, a Utah limited liability company. Mountain West was formed as a real estate investment trust and subsidiary of the Mountain West Debt Fund, LP ("Debt Fund"), a Delaware limited partnership.

The Debt Fund was organized for the purpose of investing in real estate secured debt instruments but conducts its business primarily through Mountain West.

On November 13, 2020, Debtor entered into a Secured Promissory Note and Unconditional Guaranty (among other documents) (collectively, the "Loan Documents") with Debt Fund. The Loan Documents were secured by the Construction Deed of Trust and an Assignment of Rights, which were recorded with the Washoe County Recorder on November 13, 2020. The principal loan amount was $6,335,000 with a maturity date of November 13, 2021.

On December 1, 2020, the Debt Fund assigned its interest in the Deed of Trust and Assignment of Rights to Mountain West. This Assignment of Rights was recorded on July 7, 2022.

Mountain West is the assignee of the Deed of Trust securing the Loan Documents between Debt Fund and Debtor.

On May 19, 2021, a Loan Modification Agreement ("Modification Agreement") was executed between Manzanita and Mountain West. This Modification Agreement modified two provisions in the original Loan Documents: (1) increased the secured amount under the Deed of Trust from $6,335,000 to $8,500,000; and (2) modified the extension option, allowing for up to two 12-month extensions. The Modification of Deed of Trust reflecting the increased secured amount was recorded on June 9, 2021, with the Washoe County Recorder.

On November 13, 2021, Manzanita requested its first 12-month extension to November 13, 2022. This extension was conditionally granted by Mountain West but was not recorded.

On November 18, 2023, Debtor, Manzanita, requested a second 12-month extension to November 13, 2023. This extension was granted by Mountain West but was also not recorded.

On January 7, 2025, Debtor filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada, Case No. 24-51277. The bankruptcy filing triggered the guaranty obligations outlined in the Loan Documents and the Modification of Deed of Trust, and these obligations fell upon the guarantors, Peter K. Ghishan and Ronald R. Cobb.

As of January 7, 2025, Manzanita's bankruptcy filings indicate the Debt Fund is a creditor who has a claim secured by a deed of trust, and that the amount of the claim is

$5,360,6151, which represents the remaining unpaid principal amount owed under the Loan Documents, the Modification Agreement, and the Modification of Deed of Trust. Based on the current estimated sales valuations, Mountain West may not be paid in full on its claim. As a result, ensuring that these sales are proper is important.

Manzanita's bankruptcy filings further indicate that Peter Ghishan and Ronald R. Cobb are codebtors on the Loan Documents, the Modification Agreement, and the Modification of Deed of Trust.

The Debtor is purporting to hire Ronald Cobb's wife to sell the properties and earn a commission which is not disclosed or itemized.

### III. ANALYSIS

**A. The Debtor bears the burden of showing the sales are sound business judgment and for fair value.**

Bankruptcy Code § 363(b)(1) provides that "the trustee [or debtor-in-possession], after notice and hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." This provision generally allows debtors-in-possession, subject to court approval, to sell property of the estate outside of the ordinary course of business when the proposed sale is a sound exercise of debtor's business judgment and when the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Homes Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997); *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14 (B.A.P. 9th Cir. 1988). When a debtor articulates a reasonable basis for its business decisions, "Courts will generally not entertain objections to the debtor's conduct." *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns- Manville Corp.)*, 60 B.R. 612, 616

---

1 Mountain West believes that the actual claim amount exceeds the Debtor's estimate. Mountain West will be timely filing a proof of claim.

4

(Bankr. S.D. N.Y. 1986).

Rule 6004(f) of the Federal Rules of Bankruptcy Procedure provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." A trustee [or debtor-in-possession] has broad discretion in determining the manner of sale, including whether to sell property by public or private sale. *In re Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1986); *In re Frezzo*, 217 B.R. 985, 989 (Bankr. M.D. Penn. 1988). Sales of property other than in the ordinary course of business of a debtor are to be approved only after notice and a hearing. 11 U.S.C. §§ 363(a) and (b). A trustee or debtor in possession is entitled to utilize its business judgment in determining the merits of a sale such as the one contemplated in this Motion.

### B. The Debtor has not met its evidentiary burden of showing sound business judgment and fair value.

The evidence presented by the Debtor in support of its Motion to Sell is insufficient to grant the Motions. Specifically, the declarations of Ghishan [Doc 18] and Inez Cobb [Doc 20] contain only generalized statements of the "reasonableness" of the sale price and the commissions paid. In fact, the evidence is most notable for what it is obviously lacking.

The first, and most obvious omission, is that there are no itemized estimated closing statements which would be customary in this type of real estate sale transaction. The closing estimate would provide all parties with the information necessary for the Debtor to exercise business judgment. The Debtor's Motion ask us to simply trust that the principles of the Debtor used good judgment without offering any evidence to how that decision was made.

In an estimated closing statement, this Court and the creditors would be able to determine how much money will be paid to commissions, property taxes and whether

5

1 the initial purchase deposits were being properly applied to the escrow closing. As it
2 stands, none of that information is present available to this Court or the creditors.

3    Another significant piece of missing evidence is an appraisal or other property
4 valuation. While the homes being sold are new builds, it is not impossible for a qualified
5 appraisal to establish a reasonable fair market value for each of these homes. Without a
6 proper valuation, it is impossible to tell whether the sale will needlessly diminish the
7 Debtor's estate.

8    Finally, there is nothing to show what is going to be paid to Inez Cobb. This is
9 particularly important because the Debtor has disclosed that Inez Cobb is married to a
10 principle of the Debtor and guarantor of the loan. As a result, payment to Inez Cobb has
11 significant implications as a payment to an insider of the Debtor.

## IV.  CONCLUSION

Based on the foregoing, Mountain West respectfully requests that this Court deny the Debtor's Motion to Assume Executory Contracts and Sell Free and Clear of Liens until there is an adequate evidentiary record to prove the proper exercise of business judgment.

Dated this 21st day of January, 2025.

HUTCHISON & STEFFEN, LLC

*/s/ Michael R. Brooks*
_____
Jeffrey R. Hall (9572)
Michael R. Brooks (7287)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada  89145
Telephone:    (702) 385-2500
Facsimile:     (702) 385-2086
jhall@hutchlegal.com
mbrooks@hutchlegal.com

*Attorneys for Mountain West Reit, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Hutchison & Steffen, and that on the 21st day of January 2025, I caused to be served a true and correct copy of **OPPOSITION TO OMNIBUS MOTION** in the following manner:

(ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

/s/Danielle Kelley
An Employee of Hutchison & Steffen